COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

SERGIO VELASQUEZ,                                                     No. 08-17-00009-CR

§

         Appellant,                                                     Appeal from

§

v.                                                                      243rd District Court

§

THE STATE OF TEXAS,                                            of El Paso County, Texas

§

         Appellee.                                                    (TC # 20160D04688)

§

## **O P I N I O N**

Should a criminal defense attorney who represents a defendant on several related cases review the files for each of the cases before going to trial on any one case? Presumptively, the answer to that question is of course yes. And while Sergio Velasquez, the Appellant here, contends his trial counsel failed to do just that, on this record we conclude Appellant has failed to meet the standard for ineffective assistance of counsel under *Strickland v. Washington*.[1] Accordingly we affirm his conviction.

## **BACKGROUND**

Appellant was convicted of "Obstruction or Retaliation." TEX.PENAL CODE ANN. § 36.06. Relevant here, that offense criminalizes intentionally or knowingly threatening "to harm another

---

[1] *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)

by an unlawful act . . . in retaliation for or on account of the service or status of another as . . . an informant . . . [or a] person who has reported or who the actor knows intends to report the occurrence of a crime[.]" *Id.* at § 36.06 (a)(1)(A)(B).

In this case, the "informant" or "person" who reported the crime was Appellant's sister. On the evening of September 24, 2016, through a call to a 911 operator, she claimed that Appellant had intentionally run his car into the vehicle she occupied. The police responded to the scene, but Appellant had already left. The next day, she informed the State, again through 911 calls, that Appellant was currently at a duplex and had attempted to hit her with a tire iron. She was inside one unit of the duplex, while he was outside attempting to break-in.

Several police units responded and Appellant was soon located hiding inside a closet in one unit of the duplex. He was combative and cursing at the responding officers, who then handcuffed both his arms and his feet. As they attempted to place him into the back seat of a police cruiser for transport, he struck his head on the doorway of the unit and lacerated his scalp. An ambulance was called. Several of Appellant's family members, including his sister, were standing in the vicinity and witnessed these events.

Several police officers, along with the responding ambulance crew, testified that Appellant then, and in their presence, threatened his sister. Each recalled essentially the same threat, albeit in slightly different verbiage (e.g. "I'm going to F you up." "I'm going to f*** you up. I'm going to get someone to f*** you up." "This is your fault. You're going to get it. I'm going to send someone to take care of you. You're going to get jumped," "F*** you, Lisa. This is your fault, Lisa. I'm going to f*** you up. I swear to God.")

Appellant was initially charged with obstruction or retaliation. By September 26, 2016, the district court appointed Marco Aranda to represent Appellant (hereinafter "trial counsel"). The

court set the case for trial on December 9, 2016. The State later charged Appellant with assault with a deadly weapon (an automobile) that arose out of the vehicle collision the day before the arrest. That case was also pending in the same district court, but under a different cause number. The court appointed the same trial counsel to defend Appellant in that related case, but the appointment not was made until November 28, 2016, some ten days prior to the trial setting in this case.

On December 6, 2016, Appellant through his trial counsel, filed a motion to continue the trial setting. The motion contended that counsel had not had enough time to prepare for trial or "review newly added charges." That motion was denied. On December 8th, trial counsel filed a motion to reconsider the continuance, noting in more detail his recent appointment to the related case, and also claiming that he needed to hire an investigator. The motion to reconsider was heard on December 9th when the court called the case for trial. Appellant's trial counsel announced not ready, based on his recent appointment on the related charge ("And so I would ask the Court to allow me to at least continue my investigation on the new charge and see how it's going to affect the pending case here today. . . . So I think it would be prudent for me as his attorney to conduct a thorough investigation on those other charges that are pending, which I believe are all related to this case, Judge."). The trial court denied the continuance.

For the retaliation case, the State needed to prove that Appellant's sister was an informant or someone who reported a crime. TEX.PENAL CODE ANN. § 36.06(a)(1)(A)(B). Even though subpoenaed, Appellant's sister did not appear at trial and did not testify. Instead, the State proved that she reported a crime through the recorded 911 calls that she made on September 24th (from the scene of the automobile collision) and September 25th (from the duplex). It offered those exhibits through the El Paso Police Department's record custodian for 911 calls. The exhibits

3

consisted of both the actual recordings, and print-outs summarizing the information obtained by the 911 operators as took take the calls and dispatch units to the scene. Because those calls are the centerpiece of Appellant's argument on appeal, we provide a few more procedural details.

Before the records custodian was called to the stand, Appellant's trial counsel objected that the 911 call from September 24th would inject evidence of another crime into the guilt/innocence phase of the trial. Trial counsel also objected that because "that witness might not be available for this trial today . . . it presents a confrontation issue in violation of the Sixth Amendment." In response, the State's prosecutor summarized the substance of the September 24th call and offered to redact one portion that related to a past assault. The trial court instructed the State's attorney to keep the details of the reported crime "vague" but agreed that the State needed to show that a crime was reported. At that point, Appellant's trial counsel further claimed that the 911 call from September 24 had not been made available to him, and that he had not reviewed it ("I haven't even listened to any 911 tape from the night before -- or the day before."). He then renewed his motion for a continuance which the trial court promptly denied.[2]

When the State moved to admit the September 24th call through the records custodian, Appellant's trial counsel objected, claiming that the State had failed to provide a copy of the recording prior to trial. Rather, trial counsel claimed that only the 911 calls from September 25th had been made available through the district attorney's "portal" system used to disclose the State's evidence.[3] The State's attorney responded that the 911 call for September 24 was made available

---

[2] In this same colloquy, Appellant's trial counsel stated that he had an investigator working on the case, but was paying him out of his own pocket. The trial court appears to have then granted his pending motion for appointment of an investigator.

[3] The 34th Judicial District Attorney's Office uses an online portal giving enrolled defense attorneys electronic access to the State's file on their clients, subject to certain terms and conditions. *See generally* 34th Judicial Dist. Attorney's Office, *Conditions of District Attorney Portal Use by Defense Attorneys,* El Paso Cnty., http://www.epcounty.com/da/documents/caseportalterms.pdf (last visited August 3, 2018)(outlining system use policy).

to counsel through the portal file for the related charge. Trial counsel then stated again that he had not reviewed that other case ("Judge, I have not had an opportunity to review the other case. In fact, I had asked for a continuance on the case for that reason."). The trial court admitted both the recording, and the screen notes pertaining to September 24th 911 call.

As the State was publishing the audio recording to the jury, trial counsel asked that the recording be stopped, and he lodged a hearsay objection which the trial court sustained. The State later withdrew the exhibit containing the entire audio recording, and substituted in a redacted recording that included only the first two minutes and forty-five seconds (up to the point at which the objection was made).

The State similarly moved to admit the audio recordings and screen notes for the sister's call to 911 on September 25th. Appellant's trial counsel objected with the "same objection as before" that the "contents of these recordings and the paperwork associated with it violate the Confrontation Clause" and were hearsay. The trial court overruled the objection and admitted the exhibits. In one of the 911 calls, Appellant's sister reported that Appellant had tried to hit her with a tire iron. In the other call, the sister reported that Appellant was outside, trying to break into the house.

Appellant's trial counsel cross-examined each of the State's witnesses. Counsel focused the jury's attention on whether any of Appellant's statements at the scene were actually directed to the sister, as opposed to other family members, and whether the statement used actually conveyed a true threat. Appellant called no witnesses of his own in the guilt/innocence phase. The jury convicted Appellant of the offense charged, and after he pled true to an enhancement for a prior felony conviction, the jury assessed a twelve-year prison term and $1,000 fine. New counsel was appointed for this appeal.

5

**ISSUE ON APPEAL**

Appellant brings a single issue on appeal claiming that his trial counsel was ineffective for failing to investigate the case. Appellant contends the record proves the lack of trial counsel's investigation based on (1) the several written and oral motions for continuance alleging that counsel needed additional time to investigate, (2) references suggesting that counsel had only put an investigator on the case on the eve of trial, (3) trial counsel's admission that he had not listened to one of the 911 calls because it was found in the related case file, which he had not reviewed, and 4) his announcement of "not ready" when the trial commenced. He specifically claims that the lack of an investigation harmed him because his trial counsel was unable to exclude one of the 911 calls on Confrontation Clause grounds. Appellant has not asserted on appeal that the trial court actually erred in the admission of any of the 911 calls based on the present record. Nor has Appellant asserted as error the denial of the continuance requests.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

Under the Sixth Amendment to the United States Constitution, a criminal defendant is entitled to be represented by effective, competent counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A criminal defense attorney "must have a firm command of the facts of the case as well as governing law before he can render reasonably effective assistance of counsel." *Ex parte Welborn*, 785 S.W.2d 391, 394 (Tex.Crim.App. 1990). Accordingly, defense counsel shoulders the burden to make a reasonable investigation, or to make a reasonable decision that a particular investigation was unnecessary. *Strickland*, 466 U.S. at 691, 104 S.Ct. at 2066; *see Ex parte Imoudu*, 284 S.W.3d 866, 870 (Tex.Crim.App. 2009).

To prevail on a claim of ineffective assistance of counsel, Appellant must establish by a preponderance of evidence that: (1) his attorney's performance was deficient; and that (2) the

6

attorney's deficient performance deprived him of a fair trial. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Ex parte Chandler*, 182 S.W.3d 350, 353 (Tex.Crim.App. 2005). Appellant must satisfy both *Strickland* elements, and the failure to show either deficient performance or prejudice will defeat the claim. *Perez v. State*, 310 S.W.3d 890, 893 (Tex.Crim.App. 2010); *Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex.Crim.App. 2003).

Under the first prong of the *Strickland* test, Appellant must show the attorney's performance fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App. 1999). Stated otherwise, he must show the counsel's actions do not meet the objective norms for professional conduct of trial counsel. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002). We presume, however, that the attorney's representation fell within the wide range of reasonable and professional assistance. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001), *citing Tong v. State*, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000). Ineffective assistance claims must be firmly founded in the record to overcome this presumption. *Thompson*, 9 S.W.3d at 813. Consequently, a direct appeal is usually an inadequate vehicle for raising an ineffective assistance of counsel claim because the record is generally undeveloped as to why trial counsel did what he or she did. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005); *Thompson*, 9 S.W.3d at 814 n.6. When the record is silent as to trial counsel's strategy, we will not conclude that the Appellant received ineffective assistance unless the challenged conduct was "'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed*, 187 S.W.3d at 392, *quoting Garcia v. State*, 57 S.W.3d 436, 440 (Tex.Crim.App. 2001); *see also Rylander*, 101 S.W.3d at 110-11 (noting that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective").

7

Under the second *Strickland* prong, in a case that was actually tried, the defendant must establish that there is a reasonable probability that but for the attorney's deficient performance, the outcome of the case would have been different. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2069; *Thompson*, 9 S.W.3d at 812.[4] "Reasonable probability" is that which is "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Jackson v. State*, 973 S.W.2d 954, 956 (Tex.Crim.App. 1998).

With these standards in mind, we take up Appellant's complaints about his trial counsel.

## DISCUSSION

Appellant posits that his trial counsel was ineffective because he failed to properly investigate the case prior to trial. In particular, trial counsel failed to review the district attorney's file in the companion case for the aggravated assault which grew out of the vehicle collision on September 24th. Appellant reasons that had his counsel reviewed that file which contained the 911 call on the 24th, he would have lodge a confrontation clause objection that could have kept the 911 call out of evidence, and without that 911 call, there would be no evidence that any of Appellant's statements were in retaliation for the sister reporting a possible crime.

We agree that trial counsel had a duty to review the file in the companion case. Trial counsel admitted as much through the motion for continuance, which argued that he needed to review the related file. He similarly admitted that he had not heard the 911 call from September 24th before the State's attorney offered it into evidence at trial. For several reasons, however, we disagree that failure meets the prejudice standard under *Strickland*.

---

[4] The prejudice rule is different when counsel's mistake causes the defendant to forego a legal proceeding, such as when a defendant pleads guilty based on erroneous advice. *See Lee v. U.S.*, __U.S.__, 137 S. Ct. 1958, 1964-65, 198 L.Ed.2d 476 (2017).

8

First, Appellant's trial counsel did assert a Confrontation Clause objection to the September 24th call when the matter was discussed on the morning of trial:

> And, Judge, I understand also that the -- that witness might not be available for this trial today. And so it presents a confrontation issue in violation of the Sixth Amendment. And so, yes, I would object to any of that investigation coming in, Judge.

Appellant contends that the objection is premised on the 911 record custodian being unavailable, as opposed to Appellant's sister. We do not read the record that way. Prior to voir dire, the trial court had issued a capias for the sister whom the State had subpoenaed, but who failed to appear. The State had never suggested the 911 record custodian was unavailable to testify. Thus Appellant's argument cannot be that his counsel failed to make the proper objection, but only that with more investigation he might have argued the objection more effectively.

Yet, Appellant's argument falters on the premise that some further investigation would have resulted in the exclusion of the 911 call. The Confrontation Clause requires the exclusion of testimonial statements offered when the accused has no opportunity to confront the declarant. *See Crawford v. Washington,* 541 U.S. 36, 68, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004). In *Crawford,* the Supreme Court described three categories of "core" testimonial evidence: (1) "*ex parte* in-court testimony or its functional equivalent," such as affidavits, custodial examinations, prior testimony not subject to cross-examination, or "similar pretrial statements that declarants would reasonably expect to be used prosecutorially"; (2) "extrajudicial statements" of the same nature "contained in formalized testimonial materials"; and (3) "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial[.]" *Id.* at 51-52, 124 S.Ct. at 1364.

A 911 call may or may not be testimonial, depending on the context and matters discussed. The U.S. Supreme Court directly addressed 911 calls in *Davis v. Washington*, 547 U.S. 813, 822, 126 S.Ct. 2266, 2273, 165 L.Ed.2d 224 (2006):

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Id.* at 822, 126 S.Ct. at 2273-74. In deciding whether 911 calls, or portions of 911 are testimonial, the Court considered several factors: (1) whether the caller was describing events as they were actually happening rather than past events; (2) if any reasonable listener would recognize that the caller was facing an ongoing emergency; (3) when viewed objectively, was the nature of what was asked and answered necessary to resolve the present emergency, rather than simply to learn what had happened in the past; and (4) whether the caller was frantically answering the emergency operator's questions over the phone, in an environment that was not tranquil, or even safe. *See id.*; *Santacruz v. State*, 237 S.W.3d 822, 827-28 (Tex.App.--Houston [14th Dist.] 2007, pet. ref'd); *Martinez v. State*, 236 S.W.3d 361, 371-72 (Tex.App.--Fort Worth 2007, pet. dism'd, untimely filed); *Ford v. State*, 08-14-00093-CR, 2016 WL 921385, at *2-3 (Tex.App.--El Paso Mar. 9, 2016, pet. ref'd)(not designated for publication).

In *Davis,* the defendant's girlfriend had called 911, but the call was prematurely terminated. The 911 dispatcher then performed a reverse call, which the girlfriend answered. 547 U.S. at 817, 126 S.Ct. at 2270-71. The girlfriend informed the 911 dispatcher that she was currently involved in a domestic disturbance with the defendant in her home. The 911 dispatcher asked her a series of questions to ascertain the nature of the emergency and to enable the dispatcher to send police assistance to her location, including whether the defendant had been drinking, whether he had any

10

weapons, the defendant's name, and why the defendant was at her home. *Id.* at 817-18, 126 S.Ct. at 2270-71. The *Davis* court concluded that the 911 case non-testimonial; the caller was "seeking aid, not telling a story about the past." *Id*. at 831, 126 S.Ct. at 2279.

In the case before us, the trial court ultimately admitted only a portion of the 911 call from September 24th. The call is twelve minutes and forty-six seconds in length. After the jury heard the first two minutes and forty-five seconds of the 911 call, Appellant's counsel asked that it be stopped, and lodged an additional hearsay objection that the trial court sustained. The original exhibit with the entire call was removed from evidence and replaced with a redacted recording limited to those two minutes and forty-five seconds. In that segment, the sister reports that Appellant just tried to hit her with a car and he is hiding at a certain location. The remainder of that segment includes the 911 operator attempting to identify the persons and locations involved. In the excluded portions, the 911 operator obtains contact information and some of the back-story about the accident. Thus Appellant's counsel effectively did just as *Davis* teaches, and had the trial court segregate out of the 911 call portions that are arguably testimonial from those that are arguably non-testimonial. *Davis*, 547 U.S. at 828-29 (discussing how 911 call might evolve from a non-testimonial report into a testimonial statement). Appellant has not identified any specific question asked by the 911 call taker in the redacted portion that went beyond what was necessary for the sister to seek aid, or that was directed at gathering information for use in a later prosecution. Nor can we say that any additional portions of the 911 call that might have excluded would have change the calculus of this trial.

Even had the trial court entirely excluded the 911 call from September 24th, that still leaves the 911 calls for September 25th. Appellant does not complain that his trial counsel did not investigate or review those calls. Trial counsel indeed objected to the admission of the September

11

25th calls on Confrontation Clause grounds, and that objection was overruled. He does not assign as error the trial court's decision to admit the September 25th calls. And those calls would independently support the verdict. Appellant's sister reported that Appellant tried to hit her with a tire iron at that time, which is certainly a possible crime. She also informed the 911 operator of Appellant's whereabouts, as the authorities had an outstanding warrant for his arrest. The State's attorney argued that the 911 calls on September 25th were independent reasons why the sister is a person protected by the retaliation statute.

Finally, overarching this entire issue is the fact the State used the 911 calls not to prove the truth of the reports, but only that a report of a crime had been made. "When the relevance of an out-of-court statement derives solely from the fact that it was made, and not from the content of the assertion it contains, there is no constitutional imperative that the accused be permitted to confront the declarant. *Langham v. State*, 305 S.W.3d 568, 576-77 (Tex.Crim.App. 2010). A footnote in *Crawford* alludes to the same idea: "The [Confrontation] Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Id*. at 59, n.9, 124 S.Ct. at 1369, *citing Tennessee v. Street*, 471 U.S. 409, 414, 105 S.Ct. 2078, 85 L.Ed.2d 425 (1985). Applying this reasoning, the only evidence being offered was the fact that a potential crime had been reported on the 911 system; Appellant was able to confront the 911 record custodian who testified to that fact. Thus even had Appellant's counsel urged a more robust Confrontation Clause objection, the State could have met it by offering the 911 calls for the limited purpose of showing that the sister made a report of a crime. The trial judge had in fact expressly discussed this specific purpose for the 911 calls during trial.

**CONCLUSION**

We agree that trial counsel should have reviewed the companion file prior to going to trial on the retaliation case. While trial counsel admitted to not reviewing at least one part of that file --a recorded 911 call--he correctly objected to that piece of evidence and succeeded in excluding much of the recorded call. In sum, Appellant has failed to show that any additional investigation or review of the other case file prejudiced his defense in this case. Accordingly, we overrule Issue One and affirm the judgment of conviction below.

October 17, 2018

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)

13